# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF NEW YORK MELLON, | Case No.: 2:17-cv-00065-APG-BNW |
| Plaintiff | **Order Granting Defendant Pacific's Motion to Dismiss and Setting Deadline for Filing an Amended Complaint** |
| v. | |
| BLACKROSE INVESTMENTS, LLC, et al., | [ECF No. 36] |
| Defendants | |

Plaintiff Bank of New York Mellon (BONY) sues to determine whether its deed of trust still encumbers property located at 2961 Juniper Hills #101 in Las Vegas, Nevada, following a non-judicial foreclosure sale conducted by the homeowners association (HOA), defendant Pacific Harbors-Stonegate Property Owners Association (Pacific). Pacific moves to dismiss the claims against it, arguing BONY's claims are time-barred and fail to state a claim. BONY opposes dismissal and alternatively requests leave to amend.

The parties are familiar with the facts, and I will not repeat them here except where necessary. I deny Pacific's motion to dismiss based on the statute of limitations because BONY's claims against Pacific are timely. I grant Pacific's motion to dismiss the declaratory relief claim's due process allegations with prejudice. I grant Pacific's motion to dismiss it from the declaratory relief claim's other allegations because BONY has not plausibly alleged a basis to set aside the sale. I grant Pacific's motion to dismiss BONY's claims for wrongful foreclosure and breach of a duty of good faith under Nevada Revised Statutes § 116.1113 because BONY has not adequately alleged what Pacific did that was wrongful or how it breached a duty of good faith in light of BONY's allegations that it validly tendered the superpriority amount and Pacific's agent accepted that tender. Finally, I grant in part Pacific's motion to dismiss BONY's

claim under the Nevada Deceptive Trade Practices Act (NDTPA) because some allegations refer to the sale of goods and services, which is not at issue here.  However, I deny Pacific's motion as to other provisions of the NDTPA because those statutory sections may apply to real estate transactions and Pacific has not shown BONY cannot assert a claim under those provisions.

**I. ANALYSIS**

    **A. Statute of Limitations**

"A claim may be dismissed as untimely pursuant to a 12(b)(6) motion only when the running of the statute of limitations is apparent on the face of the complaint." *United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (alteration and quotation omitted).  A limitations period begins to run "from the day the cause of action accrued." *Clark v. Robison*, 944 P.2d 788, 789 (Nev. 1997).  A cause of action generally accrues "when the wrong occurs and a party sustains injuries for which relief could be sought." *Petersen v. Bruen*, 792 P.2d 18, 20 (Nev. 1990); *see also State ex rel. Dep't of Transp. v. Pub. Emps.' Ret. Sys. of Nev.*, 83 P.3d 815, 817 (Nev. 2004) (en banc) ("A cause of action 'accrues' when a suit may be maintained thereon." (quotation omitted)).  Nevada has adopted the discovery rule, and thus time limits generally "do not commence and the cause of action does not 'accrue' until the aggrieved party knew, or reasonably should have known, of the facts giving rise to the damage or injury." *G & H Assocs. v. Ernest W. Hahn, Inc.*, 934 P.2d 229, 233 (Nev. 1997).

Pacific argues BONY's claims are untimely because they are subject to either a 45- or 60-day limitation period under Nevada Revised Statutes § 107.080, but it provides no authority for that proposition.  Section 107.080 refers to foreclosures of deeds of trust, not HOA liens.  Nev. Rev. Stat. § 107.080(1).

2

Rather, the four-year catchall limitation period in Nevada Revised Statutes § 11.220 applies to claims brought by a lienholder like BONY seeking to determine whether an HOA sale extinguished its deed of trust. *See Bank of Am., N.A. v. Country Garden Owners Ass'n*, No. 2:17-cv-01850-APG-CWH, 2018 WL 1336721, at *2 (D. Nev. Mar. 14, 2018). BONY's claims for wrongful foreclosure and breach of § 116.1113 are governed by three or four-year limitations periods. *See Bank of New York for Certificateholders of CWALT, Inc., Alternative Loan Tr. 2006-OA16, Mortg. Pass-Through Certificates, Series 2006-OA16 v. Foothills at MacDonald Ranch Master Ass'n*, 329 F. Supp. 3d 1221, 1234 (D. Nev. 2018); *Nationstar Mortg. LLC v. Amber Hills II Homeowners Ass'n*, No. 2:15-cv-01433-APG-CWH, 2016 WL 1298108, at *5 (D. Nev. Mar. 31, 2016).

The HOA sale was conducted on September 9, 2014, and the deed upon sale was recorded on September 19, 2014. ECF No. 1 at 6. BONY filed this lawsuit on January 6, 2017. Thus, even using the earlier date of the HOA sale, and even considering a three-year limitation period, BONY's claims are timely. Accordingly, I deny Pacific's motion to dismiss based on the statute of limitations.

**B. Failure to State a Claim**

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

### 1. Declaratory Relief

#### *a. Due Process*

BONY's first claim seeks a declaration that the deed of trust was not extinguished by the HOA foreclosure sale. Included within that claim are allegations that Chapter 116 as it existed at the time of the sale violated BONY's due process rights. Pacific moves to dismiss the due process allegations. To the extent BONY's due process allegations are based on the reasoning of *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016) or the content of the foreclosure notices, I grant Pacific's motion. *See Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623-24 (9th Cir. 2019) (citing *SFR Invs. Pool 1, LLC v. Bank of N.Y. Mellon*, 422 P.3d 1248 (Nev. 2018) (en banc)); *Nationstar Mortg. LLC v. Amber Hills II Homeowners Ass'n*, No. 2:15-cv-01433-APG-CWH, 2016 WL 1298108, at *6-9 (D. Nev. Mar. 31, 2016).

BONY also argues that if the sale extinguished the deed of trust, that would violate BONY's due process rights as applied because it tendered the superpriority amount and Pacific's agent accepted the tender. But accepting BONY's allegations as true, if it properly tendered the superpriority amount, then its deed of trust was preserved by operation of law, so it has not been harmed, and thus there is no due process violation. *See Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113, 121 (Nev. 2018) (en banc). If BONY did not properly tender, then there is no due process violation because BONY alleges it had notice of the sale, notice of the superpriority amount, and an opportunity to cure through payment to the foreclosure agent. *See Conner v. City of Santa Ana*, 897 F.2d 1487, 1492 (9th Cir. 1990) (citing *Mathews v. Eldridge*,

4

424 U.S. 319, 333 (1976)) ("The fundamental requirements of procedural Due Process are notice and an opportunity to be heard . . . ."). Either way, BONY has no remaining plausible due process allegations, so I dismiss those allegations with prejudice.

### b. *Proper Party*

Pacific contends it is not a proper party to BONY's declaratory relief claim because it does not claim an interest in the property. BONY responds that if the HOA sale is set aside, then the HOA's lien will be restored, so Pacific is a proper party to the declaratory relief claim.

Pacific would be a proper party if there was a basis to set aside the sale because its superpriority lien potentially would be reinstated. *See Nationstar Mortg., LLC v. Sundance Homeowners Ass'n, Inc.*, No. 2:15-cv-01310-APG-GWF, 2016 WL 1259391, at *3 (D. Nev. Mar. 30, 2016). But BONY does not identify in its opposition any viable allegations in the complaint that would provide a basis to set aside the sale.[1] I therefore grant Pacific's motion to dismiss it from the declaratory relief claim, without prejudice to BONY amending its complaint to add facts providing a basis to set aside the sale, if such facts exist. *See Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty.*, 708 F.3d 1109, 1118 (9th Cir. 2013) ("As a general rule, [d]ismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment." (quotation omitted)).

### B. Section 116.1113

BONY asserts a claim against Pacific under § 116.1113, which imposes a duty of good faith in the "performance or enforcement" of "[e]very contract or duty governed by" Chapter 116. Pacific contends this claim cannot be based on the content of the HOA's foreclosure

---

[1] If BONY prevails on its tender allegations, the consequence will be that the buyer at the HOA sale took the property subject to the deed of trust. *See Bank of Am., N.A.*, 427 P.3d at 121. The sale thus will not be set aside even if BONY wins on tender.

5

notices because those notices complied with applicable law at the time of the sale. Pacific asserts that BONY does not otherwise identify what contractual or statutory duty Pacific violated to support this claim. BONY responds that Pacific sold the property for an inadequate price and the sale was infected by fraud, oppression, or unfairness because BONY tendered the superpriority amount.

I grant Pacific's motion because BONY has not identified what statutory or contractual duty Pacific breached. The Supreme Court of Nevada has rejected the proposition that HOAs had to identify the superpriority amount in the foreclosure notices under the statutory scheme as it existed at the time of this sale. *See SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 418 (Nev. 2014) (en banc). That court also has rejected the notion that an HOA has a duty to obtain the highest price it could when conducting an HOA foreclosure sale. *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 644-45 (Nev. 2017). Thus, BONY's contention that the HOA sold the property for a grossly inadequate price does not amount to a breach of good faith under Chapter 116. Moreover, if BONY prevails on tender, then BONY's deed of trust will not be extinguished, so foreclosure of the HOA's subpriority lien will not damage BONY. If BONY does not prevail on tender, then BONY does not explain what duty Pacific violated that caused damages to BONY. Rather, BONY's lien will be extinguished because it did not properly tender. I therefore grant Pacific's motion to dismiss this claim, with leave to amend.

**C. Wrongful Foreclosure**

BONY asserts a wrongful foreclosure claim against Pacific. Pacific argues this claim fails because the former property owner was in default on the HOA assessments so the foreclosure of the HOA's lien was not wrongful. Pacific also argues BONY lacks standing to

6

assert a wrongful foreclosure claim because it is not a trustor or mortgagor.  Finally, Pacific contends a wrongful foreclosure claim cannot be based on general allegations of unfairness, and BONY has not adequately alleged why the foreclosure sale was wrongful.

BONY responds that Pacific's conduct was wrongful if it allegedly foreclosed on a superpriority lien despite BONY's tender of the superpriority amount because that portion of the HOA's lien was no longer in default.  BONY contends it has standing to assert a wrongful foreclosure claim as a junior lienholder whose interest may be extinguished by the foreclosure sale.

BONY has adequately alleged it has standing to assert a wrongful foreclosure claim as a junior lienholder whose interest would be extinguished by the HOA foreclosure sale and who alleges that the superpriority lien was not in default. *See Bank of Am., N.A. v. Operture, Inc.*, No. 2:16-cv01692-APG-GWF, 2018 WL 3242679, at *3 (D. Nev. July 2, 2018).  However, for the same reasons as BONY's § 116.1113 claim, BONY has not adequately alleged what is wrongful about the sale or how BONY has been damaged.  I therefore grant Pacific's motion as to this claim, with leave to amend.

**D. NDTPA**

BONY asserts that Pacific engaged in deceptive trade practices because it (1) falsely represented the amount of the superpriority lien in the foreclosure notices and (2) "falsely asserted the information contained in the recitals in the foreclosure deed." ECF No. 1 at 14. BONY also alleges that recording the foreclosure notices violated Nevada Revised Statutes §§ 598.0915(15), 598.092(8), and 598.0923(2)-(3). *Id.*

Pacific argues BONY's NDTPA claim fails because BONY is a sophisticated lending institution, not a customer; BONY does not allege a transaction involving consumer goods or

services and the NDTPA does not apply to real estate transactions; and BONY was not a party to a transaction covered by the NDTPA. BONY responds that its claim is based on the sale of goods and services to the original borrower or lender because the HOA provides services to homeowners and lenders by enforcing the Covenants, Conditions, and Restrictions (CC&Rs) and maintaining the neighborhood, in exchange for which the homeowners pay HOA assessments and lenders make loans to homebuyers in the community.

Nevada Revised Statutes § 41.600 creates a cause of action for a victim of "consumer fraud," which includes deceptive trade practices identified in § 598.0915 to § 598.0925. BONY's complaint relies on two statutory sections that apply to deceptive practices related to the sale or lease of goods or services. Nev. Rev. Stat. § 598.0923(2) (making it a deceptive practice to "knowingly . . . [f]ail[ ] to disclose a material fact in connection with the sale or lease of goods or services"); *id.* § 598.0923(3) (making it a deceptive practice to "knowingly . . . "[v]iolate[ ] a state or federal statute or regulation relating to the sale or lease of goods or services"). Because an HOA foreclosure sale is the sale of real estate, not goods or services, these sections have no application in this context. *See Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 972 (9th Cir. 2017) ("predicting that the Supreme Court of Nevada would hold that real estate loans do not fall within the [NDTPA]" because the statute "governs transactions relating to goods and services"); *Bank of New York Mellon v. Log Cabin Manor Homeowners Ass'n*, 362 F. Supp. 3d 930, 939 (D. Nev. 2019); *The Bank of New York Mellon fka The Bank of New York v. Cape Jasmine CT Tr.*, No. 2:16-cv-00248-JAD-GWF, 2016 WL 3511253, at *4-5 (D. Nev. June 27, 2016). I therefore dismiss these allegations with prejudice.

However, other sections of Chapter 598 are not necessarily limited to transactions relating to the sale or lease of goods or services. *See Abernathy v. Cont'l Serv. Grp., Inc.*, No.

2:17-cv-00636-APG-NJK, 2018 WL 3370524, at *5 (D. Nev. July 9, 2018) (citing *Cape Jasmine CT Tr.*, 2016 WL 3511253, at *4-5). As relevant here, § 598.092(8) makes it a deceptive trade practice to "[k]nowingly misrepresent[ ] the legal rights, obligations or remedies of a party to a transaction." And § 598.0915(15) makes it a deceptive trade practice to "[k]nowingly make[ ] any other false representation in a transaction."[2] Because these two sections refer to a "transaction," rather than the sale or lease of goods or services, Pacific has not established that these sections could not apply to a real estate transaction like an HOA foreclosure sale.

Pacific contends, however, that BONY is not a "consumer" who can assert a claim under § 41.600 because it is a sophisticated lender and it is not a party to a transaction with Pacific. BONY does not specifically respond to these arguments, instead arguing its general theory that the HOA provides services to homeowners and lenders by enforcing the CC&Rs and in exchange the homeowners pay HOA assessments.

Section 41.600's plain language does not limit consumer fraud claims to unsophisticated plaintiffs or to a party to the transaction in which the deceptive trade practice occurs. Rather, § 41.600 permits "any person who is a victim of consumer fraud" to bring suit. *See Del Webb Communities, Inc. v. Partington*, 652 F.3d 1145, 1152 (9th Cir. 2011) ("NRS 41.600(2) defines the kinds of actions that constitute 'consumer fraud' not by referring to a certain type of victim, but by cross-referencing other NRS sections defining deceptive trade practices and other offenses."); *S. Serv. Corp. v. Excel Bldg. Servs., Inc.*, 617 F. Supp. 2d 1097, 1099 (D. Nev. 2007) (holding a business competitor may be a "victim of consumer fraud" under the NDTPA). Additionally, it defines consumer fraud by reference to deceptive practices set forth in other

---

[2] In *Dowers*, the Ninth Circuit could not determine what statutory section of the NDTPA the plaintiffs claimed the defendants violated, and it did not specifically address the statutory sections that do not refer to "goods and services." 852 F.3d at 972.

9

statutory sections. It is not apparent that each of those statutory sections requires the plaintiff to have been a party to the transaction in which the false representation was made to be a victim of the fraud. To the contrary, "the role of an individual in a transaction is irrelevant so long they are a 'victim of consumer fraud.'" *Del Webb Communities, Inc.*, 652 F.3d at 1152. "[T]o be a victim under this statute, the plaintiff need only have been 'directly harmed' by the defendant." *Id.* at 1153. I therefore deny Pacific's motion.

## II. CONCLUSION

IT IS THEREFORE ORDERED that defendant Pacific Harbors-Stonegate Property Owners Association's motion to dismiss **(ECF No. 36) is GRANTED in part and DENIED in part** as set forth in this order.

IT IS FURTHER ORDERED that plaintiff Bank of New York Mellon may file an amended complaint on or before August 9, 2019.

DATED this 24th day of July, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE