|   |   |
|---|---|
| **UNITED STATES DISTRICT COURT** | |
| **DISTRICT OF NEVADA** | |
| BANK OF NEW YORK MELLON, | Case No.: 2:17-cv-00065-APG-BNW |
| Plaintiff | **Order (1) Granting Plaintiff's Motion for Summary Judgment, (2) Dismissing as Moot Plaintiff's Damages Claims, and (3) Setting Deadline to File Motion for Default Judgment** |
| v. | |
| BLACKROSE INVESTMENTS, LLC, et al., | |
| Defendants | [ECF No. 44] |

Plaintiff Bank of New York Mellon (BONY) sues to determine whether a deed of trust encumbering property located at 2691 Juniper Hills #101 in Las Vegas, Nevada was extinguished by a nonjudicial foreclosure sale conducted by a homeowners association (HOA), defendant Pacific Harbors-Stonegate Property Owners Association (Pacific). Defendant Blackrose Investments, LLC (Blackrose) purchased the property at the foreclosure sale and later quitclaimed the property to defendant Deviation Investments LLC (Deviation). BONY seeks a declaration that the deed of trust still encumbers the property and it asserts alternative damages claims against Pacific and Pacific's foreclosure agent, Defendant Hampton & Hampton Collections, LLC (Hampton).[1] Deviation counterclaims for declaratory relief that it purchased the property free and clear of the deed of trust and to cancel the deed of trust.

/ / / /

---

[1] I previously dismissed BONY's claims against Pacific for breach of Nevada Revised Statutes § 116.1113, wrongful foreclosure, and part of BONY's deceptive trade practices claim, with leave to amend. ECF No. 43. BONY filed a first amended complaint that reasserted the dismissed claims. ECF No. 46. BONY also asserted claims against the former homeowner Dorothy A. Harber. ECF Nos. 1, 46. I dismissed BONY's claims against Harber for failure to show proof of timely service. ECF No. 58.

BONY moves for summary judgment, arguing its prior loan servicer, Bank of America, tendered the superpriority amount prior to the sale and thereby preserved the deed of trust. Deviation and Pacific oppose BONY's motion but did not move for summary judgment. Hampton and Blackrose have defaulted in this action and did not respond to BONY's motion. ECF No. 57.

The parties are familiar with the facts so I do not repeat them here except where necessary. I grant BONY's motion because no genuine dispute remains that Bank of America tendered the superpriority amount, thereby extinguishing the superpriority lien and rendering the sale void as to the deed of trust. I dismiss as moot BONY's alternative damages claims against Pacific and Hampton. Finally, I set a deadline for BONY to either voluntarily dismiss its declaratory relief claim against Blackrose or move for default judgment on that claim.

**I. ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat

summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

Under Nevada law, a "first deed of trust holder's unconditional tender of the superpriority amount due results in the buyer at foreclosure taking the property subject to the deed of trust." *Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113, 116 (Nev. 2018) (en banc). To be valid, tender must be for "payment in full" and must either be "unconditional, or with conditions on which the tendering party has a right to insist." *Id.* at 118.

BONY has established that the superpriority amount was tendered in full. The HOA assessment was $166 per month. ECF Nos. 44-6 at 7; 44-8 at 7. There were no nuisance abatement or maintenance charges for this property. ECF No. 44-8 at 7-8. Prior to the HOA foreclosure sale, Bank of America tendered $1,494.00 to Hampton to cover the superpriority amount of nine months of assessments. ECF No. 44-6 at 10-12. Hampton accepted the check, cashed it, and credited it to the delinquent account. ECF No. 44-7 at 6; *see also* ECF No. 51-1 at 5-6. Deviation contends that BONY has not proven delivery of the tender check because BONY relies solely on copies of its own letter and check. But Hampton's records show it accepted the check and Deviation has presented no contrary evidence. Consequently, no genuine dispute remains that the superpriority lien was extinguished and the property remains subject to the deed of trust. *Bank of Am., N.A.*, 427 P.3d at 121. I therefore dismiss as moot BONY's alternative damages claims against Pacific and Hampton.

That leaves BONY's declaratory relief claim against Blackrose. BONY must now either dismiss that claim or move for default judgment on it. If it does not, I will dismiss the claim.

## II. CONCLUSION

I THEREFORE ORDER that plaintiff Bank of New York Mellon's motion for summary judgment **(ECF No. 44) is GRANTED**. It is declared that the homeowners association's non-judicial foreclosure sale conducted on September 9, 2014 did not extinguish the deed of trust and the property located at 2691 Juniper Hills #101 in Las Vegas, Nevada remains subject to the deed of trust.

I FURTHER ORDER that plaintiff Bank of New York Mellon's alternative damages claims against defendants Pacific Harbors-Stonegate Property Owners Association and Hampton & Hampton Collections, LLC are DISMISSED as moot.

I FURTHER ORDER that by February 7, 2020, Bank of New York Mellon must either move for default judgment or voluntarily dismiss its claim against defendant Blackrose Investments, LLC. If it does not take either of these actions by that date, I will dismiss the claim without prejudice.

DATED this 16th day of January, 2020.

ANDREW P. GORDON  
UNITED STATES DISTRICT JUDGE